842 F.2d 333
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Nos. 87-6162, 87-6163.
 Ruth M. SHRIVER, Administratrix C.T.A. of Estate of Ann
Kennedy Shriver, Plaintiff-Appellee,
v.
James A. SHRIVER and His Conservators, William M. Foster and
Frank E. Watkins, Jr., Defendants-Third Party
Plaintiffs-Appellees,
v.
ONAN CORPORATION, a Subsidiary of McGraw-Edison Company,
Third Party Defendant-Appellant.
Mission Marine Associates, Inc., Third Party Defendant-Appellant.
 
 1
 United States Court of Appeals, Sixth Circuit.
 
 
 2
 March 21, 1988.
 
 
 3
 Before KRUPANSKY and WELLFORD, Circuit Judges, GILMORE, District Judge*.
 
 ORDER
 
 4
 Defendants/third-party plaintiffs Shriver, et al., move to dismiss these appeals on the ground that third-party defendants lack standing to pursue an appeal inasmuch as they are neither aggrieved nor prejudiced by the district court's judgment from which they appealed. The third-party defendants have responded in opposition to the motion to dismiss.
 
 
 5
 On September 17, 1985, defendant/third-party plaintiff James Shriver and his wife, Ann Kennedy Shriver, took a pleasure outing on their 36 foot power boat, the Rosolute II. They travelled from the marina several miles upriver where they turned off the main engine, anchored and activiated an auxiliary generator. The auxiliary generator leaked carbon monoxide fumes and as a result of inhaling those fumes, Ann Kennedy Shriver died and James Shriver was rendered totally incapacitated.
 
 
 6
 Several lawsuits arose from this unfortunate event. In Tennessee state court, plaintiff and defendant/third-party plaintiff sued the manufacturer of the boat and the generator and their successors in interest and a company who inspected the boat shortly before the Shrivers purchased it. In federal court, plaintiff Ruth Shriver sued defendant James Shriver; the complaint alleged jurisdiction under general admiralty law under 28 U.S.C. Sec. 1333 and the Jones Act, 28 U.S.C. Sec. 688. Defendant Shriver then filed a third-party complaint against the same defendants named in this state court action. Finally, defendant Shriver filed a complaint pursuant to 46 U.S.C. Sec. 183 et seq. for exoneration from or limitation of liability.
 
 
 7
 On May 19, 1987, plaintiff Ruth Shriver and defendant/third-party plaintiff James Shriver moved to dismiss the action pursuant to Fed.R.App.P. 41(a)(2). The third-party defendants objected to voluntary dismissal on the grounds that they had expended time and money in defending the lawsuit.
 
 
 8
 The district court dismissed the suit for lack of subject matter jurisdiction. The court determined that it did not have jurisdiction under the Jones Act (46 U.S.C. Sec. 688) because the decedent was not a "seaman" within the meaning of the Jones Act. Likewise, the district court concluded it did not have jurisdiction under the general admiralty law because the tort involved had no relation to traditional maritime activities of service, commerce or navigation as required by Executive Jet Aviation, Inc. v. City of Cleveland, 409 U.S. 249 (1972). The third-party defendants appealed and now oppose the motion to dismiss.
 
 
 9
 The district court's conclusion that it lacked subject matter jurisdiction will not have a collateral estoppel effect in the pending state court actions. The state court actions will proceed under common law tort principles regardless of the district court's determination that the federal action was not subject to admiralty jurisdiction. We conclude that the third-party defendants have not been aggrieved by the district court's dismissal of the action. See 9 J. Moore & B. Ward, Moore's Federal Practice p 203.06 (2d ed. 1985). We also note that the third party defendants did not raise the collateral estoppel argument in district court and are therefore precluded from so doing now. Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 10
 According the motion to dismiss is granted.
 
 
 
 *
 The Hon. Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation